UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE ISIDRO ZUNIGA TORRES;<br>ELMER ALFONSO CENTENO CASTRO;<br>DENIS ARIEL SOTO RAMOS, aka "BENITO";<br>JOSE VELASQUEZ, aka "TACOMA";<br>BLAKE ROBERT CURTIS, aka "SCOTT"; and<br>SHARON LEAN MORROW,<br><br>Defendants. | 3:23-cr-00072-AN<br><br>INDICTMENT<br><br>21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i) and (b)(1)(B)(i); and 846<br><br>Forfeiture Allegation |

## COUNT 1
**(Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances)**
**(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(B)(i) and 846)**

Beginning on an unknown date but no later than on or before the month of December 2022, and continuing until an unknown date but ending no earlier than the date of this indictment, in the District of Oregon and elsewhere, defendants **JOSE ISIDRO ZUNIGA TORRES, ELMER ALFONSO CENTENO CASTRO, DENIS ARIEL SOTO RAMOS, aka "BENITO," JOSE VELASQUEZ, aka "TACOMA," BLAKE ROBERT CURTIS, aka "SCOTT" and SHARON LEAN MORROW** and other coconspirators whose identities are known and unknown to the grand jury did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons whose identities are known and unknown to the Grand Jury to commit the following objects in violation of Title 21, United States Code, Section 846:

**Indictment**                                                                                                                    Page 1

## Objects of the Conspiracy

A. **Possession with Intent to Distribute Fentanyl**: The conspirators agreed to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vi).

B. **Distribution of Fentanyl**: The conspirators agreed to distribute 400 grams of more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21 United States Code, Sections 841(a)(1) and (b)(1)(A)(vi).

C. **Possession with Intent to Distribute Heroin**: The conspirators agreed to possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i).

D. **Distribution of Heroin**: The conspirators agreed to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i).

## Manner and Means

It was part of this conspiracy for defendants **JOSE ISIDRO ZUNIGA TORRES ("ZUNIGA"), ELMER ALFONSO CENTENO CASTRO ("CENTENO"), DENIS ARIEL SOTO RAMOS, aka "BENITO," ("SOTO"), JOSE VELASQUEZ, aka "TACOMA," ("VELASQUEZ"), BLAKE ROBERT CURTIS, aka "SCOTT" ("CURTIS")** and **SHARON**

**LEAN MORROW ("MORROW")** and other coconspirators whose identities are known and unknown to the Grand jury to arrange for fentanyl (powder and pill form), and heroin be transported to Oregon for further sub-distribution throughout southwest Washington and the Portland, Oregon areas.

It was part of the conspiracy that defendants **ZUNIGA, CENTENO, SOTO, VELASQUEZ,** and others worked in concert to obtain controlled substances from sources of supply in California, Washington, Nevada, and Mexico to be distributed through their associates including co-defendants, **ZUNIGA, CENTENO, SOTO, VELASQUEZ, SCOTT, MORROW** and other coconspirators whose identities are known and unknown to the grand jury throughout the Portland, Oregon area and southwest Washington.

It was part of this conspiracy that defendants and other coconspirators whose identities are known and unknown to the grand jury utilized various residential and commercial locations in California, Washington, and the Portland, Oregon metropolitan area for receiving, possessing, concealing, packaging, and distributing controlled substances to other distributors throughout the United States.

It was part of this conspiracy for certain of the defendants and others to utilize cellular telephones to further the possession and distribution of controlled substances, and to use coded language to communicate with each other in the course of the conspiracy.

It was part of this conspiracy to use and maintain motor vehicles to transport controlled substances, money, and co-conspirators, to facilitate drug transactions, and to employ counter-surveillance methods while driving or during the conduct of transactions, in the course of possessing with intent to distribute and distributing controlled substances and transporting drug proceeds.

It was part of this conspiracy to register vehicles, rent real property and subscribe to utilities, and cellular telephone facilities in names that would avoid detection by law enforcement, and that defendants routinely obtained new cellular phones to avoid detection by law enforcement.

It was part of this conspiracy to smuggle money across state and international borders to facilitate drug transactions and payment for controlled substances and used money transfer applications to send and receive money to facilitate drug transactions.

In furtherance of this conspiracy, and to effect and accomplish its objectives, the defendants and other co-conspirators committed one or more of the following overt acts:

### Overt Acts

All factual allegations set forth in Counts 2-5 of this Indictment are hereby incorporated by reference and re-alleged as overt acts in furtherance of the conspiracy alleged in Count 1 of this Indictment. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Oregon and elsewhere:

1. Beginning on a date unknown but not later than or about January 1, 2023, **ZUNIGA** and others known and unknown to the grand jury coordinated the transportation and distribution of controlled substances, including approximately over 2,500 gross grams fentanyl in pill and powder form, from locations outside the District of Oregon into Oregon for **ZUNIGA** and others distribute to drug customers in Oregon, Washington, and elsewhere. On January 24, 2023, law enforcement seized these drugs from a hotel room occupied by **ZUNIGA**.

2. Beginning on a date unknown but not later than January 1, 2023, **ZUNIGA, CENTENO, SOTO, VELASQUEZ, SCOTT, MORROW** and others known and unknown to

the grand jury transported and possessed with intent to distribute bulk narcotics including heroin, fentanyl pills and fentanyl powder to be distributed to their drug customers for sub-distribution.

3. Beginning on a date unknown but not later than January 1, 2023, **CENTENO** and others known and unknown to the grand jury transported and possessed with intent to distribute bulk narcotics including heroin, fentanyl pills and fentanyl powder to be distributed to their drug customers for sub-distribution. As part of this act, **CENTENO** maintained a premises to break down and store these drugs for further sub-distribution to others. On February 2, 2023, **CENTENO** possessed approximately 1,300 gross grams of a mixture or substance containing a detectable amount of fentanyl (pill and powder forms), approximately 300 gross grams of heroin, and over $45,000 in drug proceeds which were seized by law enforcement.

4. On or about February 13, 2023, **RAMOS**, and **VELASQUEZ** and others known and unknown to the grand jury, transported and possessed with intent to distribute, bulk narcotics to distribute to their sub-distributors, including over 200 gross grams of heroin to be distributed to their drug customers for sub-distribution. On November 3, 2022, law enforcement seized these drugs.

5. Beginning on or about the month of January 2023 and into February 2023, **MORROW**, **CURTIS** and others known and unknown to the grand jury, coordinated the transportation and possessed with intent to distribute bulk narcotics including over 400 gross grams of counterfeit oxycodone pills containing fentanyl, over 200 gross grams of methamphetamine, and quantities of heroin for distribution to their drug customers for sub-distribution in the Portland, Oregon and Vancouver, Washington areas. As part of this act, **MORROW** maintained a premises to store and break down these drugs for further distribution

to **CURTIS**, and others for sub-distribution. On February 27, 2023, law enforcement seized these drugs.

## COUNT 2
**(Possession with Intent to Distribute Fentanyl)**
**(21 U.S.C. § 841(a)(1), (b)(1)(A)(vi))**

On or about January 24, 2023, in the District of Oregon, defendant **JOSE ISIDRO ZUNIGA TORRES** did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(vi).

## COUNT 3
**(Possession with Intent to Distribute Fentanyl)**
**(21 U.S.C. § 841(a)(1), (b)(1)(A)(vi))**

On or about February 2, 2023, in the District of Oregon, defendant **ELMER ALPHONSO CENTENO CASTRO aka "ROOSTER",** did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(vi).

## COUNT 4
**(Possession with Intent to Distribute Heroin)**
**(21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i))**

On or about February 2, 2023, in the District of Oregon, defendant **ELMER ALPHONSO CENTENO CASTRO aka "ROOSTER"** . did knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(i).

## COUNT 5
### (Possession with Intent to Distribute Heroin)
### (21 U.S.C. § 841(a)(1), (b)(1)(B)(i))

On or about February 13, 2023, in the District of Oregon, defendants **DENIS ARIEL SOTO RAMOS, aka "BENITO,"** and **JOSE VELASQUEZ, aka "TACOMA",** did knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(i).

## FORFEITURE ALLEGATION

Upon conviction of the controlled substance offense alleged in Counts 1 - 6 of this Indictment, defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

## SUBSTITUTE ASSETS

If any forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

/ / / /

/ / / /

**Indictment**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 7**

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

Dated: March 15, 2023.

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

NATALIE K. WIGHT
United States Attorney

PAUL T. MALONEY, OSB #013366
Assistant United States Attorney