NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:22-cr-00072-AN |
| v. | MOTION FOR PROTECTIVE ORDER |
| JOSE ISIDRO ZUNIGA TORRES, et al., | |
| Defendants. | |

The United States of America, by and through Natalie K. Wight, United States Attorney for the District of Oregon, and Paul T. Maloney, Assistant United States Attorney, hereby moves this Court for a protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, seeking to prevent the dissemination or misuse of discovery material containing sensitive information as further described below. The government has conferred with appointed counsel of record for defendants, and at the time of submission, the government has not been advised of any opposition.

The five-count indictment in this case charges all defendants with conspiracy to possess with intent to distribute and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(B)(i) and 846 (Count One). Count Two charges defendant Zuniga

**Motion for Protective Order**                                                        **Page 1**

Torres with possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1), and (b)(1)(A)(vi). In Counts Three and Four, defendant Centeno Castro is charged with possession with intent to distribute fentanyl (Count Three) and heroin (Count 4) in violation of 21 U.S.C. § 841(a)(1), b)(1)(A)(vi) and (b)(1)(B)(i). Count Five charges defendants Soto Ramos and Velasquez with possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i). The government's investigation included sensitive source information related to a T-III wire intercept investigation, cooperator information, and voluminous geolocation phone records.

The discovery materials in this case include sensitive law enforcement information regarding sources of information and unindicted co-conspirators. The discovery also includes records that contain personal identifying information. Due to the large volume of discovery material, and the frequency with which the sensitive information appears throughout the documents, wholesale redaction is not a feasible option for the government or the defense.

In light of the nature of the crimes charged, and the sensitive information included in the discovery material, the government respectfully requests that the Court order that counsel of record, their investigators, assistants, and employees may review with defendants all discovery material produced by the government, and may provide defendants with copies of discovery that complies with this order, but shall not provide defendants with copies of, or unsupervised access to, any discovery material produced by the government which contains:

a) personal identifying information of any individual (other than the defendant), including without limitation, any individual's date of birth, social security number, address, telephone number (however, telephone numbers that appear in court pleadings, including wiretap

applications and their contents, and telephone numbers of any phone that was either intercepted in this investigation or was in contact with a phone intercepted in this investigation, are not "Personal Information"), email address, driver's license number, professional license number, or family members' names ("Personal Information");

        b)      information regarding the government's confidential sources or sources of information, including criminal histories, arrest records and summaries of information provided to the government ("Confidential Source Information");

        c)      the contents of any sealed documents, to include wiretap applications and their contents (affidavits, orders) and other court-ordered authorizations (e.g., pen registers, geolocation orders, tracking orders) ("Sealed Information"), unless the Personal Information, Financial Information, and Confidential Source Information mentioned in each of these subparagraphs, has first been redacted from the discovery materials. Discovery material that clearly pertains to a specific defendant and does not contain information listed in (a) through (c) above, may be provided to that defendant unredacted (i.e. defendant's own bank records, phone records and business records). The government and the defense will work together to insure that these materials are protected and that defendants have unfettered access to as much material as can be provided consistent with this Court's order.

        The government further requests that the Court order that neither defense counsel nor defendants shall provide any discovery material produced by the government to any person not a party to this case, or make any public disclosure of the same, without the government's express written permission, except that defense counsel may provide discovery material to those persons

employed, retained, or otherwise consulted by defense counsel who are necessary to assist counsel of record in preparation for trial or other proceedings, including any potential witnesses defense counsel consults within this matter.

All counsel reserve the right to seek modifications or changes with the government and the Court after a full review of the discovery provided. The parties will meet and confer regarding any discovery issues prior to bringing them to the Court's attention. The parties understand that the Court retains jurisdiction to modify this Order, upon motion, even after the conclusion of district court proceedings in this case.

Dated: March 22, 2023.  Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/ Paul T. Maloney
PAUL T. MALONEY, OSB #013366
Assistant United States Attorney