NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB#013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:22-cr-00072-AN |
| v. | **MOTION FOR COMPLEX CASE DESIGNATION AND REQUEST FOR STATUS CONFERENCE** |
| **JOSE ISIDRO ZUNIGA TORRES, et al.,** | |
| **Defendants.** | |

The United States of America, plaintiff herein, moves the Court for a complex case designation pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and respectfully requests that the Court set a scheduling conference in order to schedule pretrial proceedings and trial in this case.

Counsel for the government has advised all appointed counsel of this motion. All responding counsel have reported this motion is unopposed. The government is expecting CJA panel appointments to be entered for defendants Curtis (#5) and Morrow (#6) as they have yet to make their initial appearance in this case. The government will confer with their counsel as soon as practicable and report any objections as they arise.

I.  PROCEDURAL BACKGROUND

This case is the result of a months long DEA investigation of what the DEA believes is a Mexico-based drug trafficking organization operating in the Portland Oregon area. The investigation includes physical and electronic surveillance from September 2022 to March 2023.

Beginning in November 2022, investigators began enforcement actions to disrupt the organization to include arresting several targets of the investigation. These arrests and federal prosecutions have progressed in a related matter currently pending before the U.S. District Court of Oregon in *USA v. Castaneda et al*. (filed in 3:22-cr-422-HZ).

On March 15, 2023, a grand jury indicted the six defendants herein with conspiracy to possess with intent to distribute and distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), (b)(1)(B)(i) and 846. Count Two charges defendant Zuniga Torres with possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1), and (b)(1)(A)(vi). In Counts Three and Four, defendant Centeno Castro is charged with possession with intent to distribute fentanyl and heroin in violation of 21 U.S.C. § 841(a)(1), b)(1)(A)(vi) and (b)(1)(B)(i). Count Five charges defendants Soto Ramos and Velasquez with possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i).

The government's investigation includes months long investigation consisting of interception of wire and electronic communications and analysis of voluminous phone records, geolocation data, video surveillance and other materials.

This criminal case remains in the early stages. Four defendants have been arrested and are in various stages of initial appearance and arraignment. Two defendants have yet to be arrested.

The first four defendants (#1: Zuniga Torres, #2: Centeno Castro, #3: Soto Ramos, and #4: Velasquez) have been detained after they were arrested on arrest warrants issued on

complaints filed in magistrate court. The government anticipates a jury trial will be set at arraignment for these defendants.

## II.     ANALYSIS

### A.     Discovery

Given the number of defendants and the substantial discovery, it would be unreasonable to expect adequate preparation for pretrial proceedings and trial within the usual time limits set forth in the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*.

Discovery will be an on-going process due to the complex nature of this case. The first volume will consist of underlying search warrants, and investigatory materials. The volume may also include documentation associated with earlier stages of the investigation for defense counsels' background and orientation to the investigation. The government anticipates producing this volume in the next 7-10 days.

The second volume of discovery will consist of law enforcement reports, some media files from surveillance, and documentation from the investigation. This second volume will be produced in the next 21-30 days.

The third volume will consist of voluminous data from the wiretap intercepts, line sheets, and other surveillance media and will take 45-60 days to process for production.  The government's review of digital devices that have been seized will be produced as the devices are processed.

The drugs seized have been sent to the DEA laboratory for analysis. These results can take months to process. Laboratory reports will also be produced as those results are completed in the coming months.

Preparation of the discovery will involve meticulous review to protect confidential information including government sources, and cooperator information. This process will require careful redactions and producing individual reports and discovery material to only the appropriate parties in order to protect these sources from potential reprisal and assure their safety.

### B.     Pre-Trial and Trial

The government seeks a new trial date, with excludable delay through the new trial date for purposes of the Speedy Trial Act. The government believes that a trial date set in December 2023, would provide sufficient time to prepare for trial and resolve pretrial motions. A status conference in early April would be of assistance in picking an agreeable trial date for the Court and all counsel.

### C.     Excludable Delay

#### 1.     *Case Complexity Considerations*

The government submits that a schedule allowing more time for pretrial motions and trial preparation, as requested above, is necessary because of the complexity of the case. The government will attempt to resolve the charges by engaging in good faith negotiations with each defendant and counsel, however, counsel will need time to review the voluminous discovery in order to assess potential motions and trial defenses.  Once all arraignments have been completed, the government expects a total of six defendants to be set for trial. Given the number of defendants, and the nature of the prosecution involves both a long-running investigation, in which wire and electronic communications were intercepted, and voluminous discovery, the above circumstances warrant finding excludable delay under 18 U.S.C. § 3161(h)(7)(A).

#### 2.     *Scheduling Considerations*

The government seeks a joint trial for all defendants and opposes any severance at this early stage. Judicial economy will be served by setting this case for a scheduling conference where the parties and the Court can select a new trial date. A single hearing to address a new trial date will avoid multiple continuance motions and give the parties and the Court to set a date that will work for all concerned.

### III.     CONCLUSION

The government respectfully requests that the Court declare this a complex case and make an express finding under 18 U.S.C. § 3161(h)(7)(B)(ii) that the ends of justice is served by the granting of such continuance outweigh the best interests of the public and the defendants in a speedy trial.

The government further requests that the current trial date be vacated and that a status hearing be set to pick a new trial date.

Dated: March 22, 2023                                Respectfully submitted,

                                                     NATALIE K. WIGHT
                                                     United States Attorney


                                                     /s/ Paul T. Maloney
                                                     PAUL T. MALONEY, OSB#013366
                                                     Assistant United States Attorney